## STATE v. ED. WOODS.[1]

June 29, 1917.

Nos. 20,453—(233).

**Municipal corporation — violation of ordinance — evidence.**

> Defendant was convicted of violation of the so-called vagrancy ordinance of the city of Minneapolis. The evidence is sufficient to sustain the verdict.

Defendant was charged under the city ordinance of Minneapolis with the crime of vagrancy, tried in the municipal court of Minneapolis before Montgomery, J., and convicted. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*W. J. Quinn,* for appellant.
*C. D. Gould, J. T. O'Donnell* and *T. Kilbride,* for respondent.

HALLAM, J.

Defendant was convicted in the municipal court of the city of Minneapolis of violation of the so-called vagrancy ordinance and was sentenced to serve 90 days in the workhouse. Defendant appeals.

The charge, stripped of legal verbiage, is that on February 5, 1917,

[1] Reported in 163 N. W. 518.

defendant (1) was without any visible means of support; (2) that he lived idly without lawful employment, and (3) wandered about the streets of the city; (4) not having any known place of residence; (5) that he was found traveling about the city begging; (6) was loitering about saloons, gambling resorts and houses of ill fame, without giving a good account of himself, contrary to an ordinance of the city. The ordinance makes each of such acts a misdemeanor. No objection is raised to the validity of the ordinance. The objection made on this appeal is that the evidence does not sustain a conviction on any one of the charges made.

A witness named London testified as follows: He saw defendant at about 5:20 p. m. February 5 at the busy corner of Sixth street and Hennepin avenue in Minneapolis. Defendant had a companion with him. A street car stopped to take on passengers. A large crowd, probably 25 people, were waiting to board the car, and when the car stopped they did do so. Others were alighting from the car. Defendant and his companion were within the safety zone, that is, within the ropes that protect passengers boarding and alighting. Defendant crowded against the passengers who were boarding the car, and put his hand under the coats of some of them. He did not attempt to board the car and after the gates were closed he moved back. As he did so, he said to his companion: "Did you get anything yourself" and as they waited by the safety ropes he further said: "Wait and we will get another one." A police officer approached and defendant and his companion walked away and separated. The officer followed defendant and he walked briskly away. Police officers testified that, when arrested, defendant claimed to be employed in St. Paul. He gave conflicting stories as to his employment. To one police officer he said he had worked in a hotel for a year but did not know the name of the proprietor; said he was in Minneapolis alone; later admitted he was not working; said "you know what my racket is;" said he was in Minneapolis with two certain noted pickpockets. He had on his person $70, distributed in four pockets. He claimed on the stand he had saved this out of a salary of $12 a week. On the stand he further testified that he

came from St. Paul to Minneapolis; that he was going to a cleaning establishment near Tenth street and Hennepin avenue to see about an overcoat he had left there last fall and had been unable to get back; that he had been in communication with the establishment right along, but did not know the name of the proprietor or of any one connected with it; that he came from St. Paul to Minneapolis alone and saw no one while in Minneapolis; that he got off his car at Fifth and Hennepin, walked down Hennepin to Washington avenue looking in all the shop windows on his way; that he stoppped 20 or 25 minutes on Washington avenue, walked back as far as Seventh street and then concluded it was too late to go to Tenth and Hennepin for his overcoat, yet he was not due in St. Paul until 7 o'clock and he could make the trip in half the intervening time.

Defendant was not guilty of all the charges made against him, but it seems reasonably clear that the evidence is sufficient to sustain a finding that defendant was living idly without lawful employment, and was wandering about the streets of the city, not having any known place of residence or abode, without giving a good account of his conduct.

The judgment of the municipal court should be affirmed.